Dear Dr. Spikes:
You have requested an opinion regarding the legality of a student referendum at Southern University New Orleans, (SUNO) which authorized a $5.00 assessment per student per semester (fall, spring, summer) to be collected by the non-profit corporation associated with SUNO. Fifty percent of the funds collected would be expended for projects suggested by the students and approved by the University. The remaining fifty percent of the collected fees may be expended by the SUNO Foundation on an "unrestricted" basis for support of SUNO programs.
The first matter of legal significance which should be noted regarding this proposal is that it would transform SUNO Foundation from a non-profit corporation to a quasi-public agency of SUNO. The University would assess the fees, collect legal control, and then transfer these funds to the Foundation. Without any question, all of these funds would be public funds, subject to all procedures and constraints placed upon public funds by the laws and Constitution of the State of Louisiana. The Foundation would have to account to the Legislative Auditor and Inspector General for the receipt and use of these funds, and its corporate records would become public records by reason of its receipt of public funds and agency for the University in their expenditure. The SUNO Foundation would be subject to the legal duties prescribed by the Public Records Law, LSA-R.S. 44:1 et seq. See Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990). Officers of the Foundation would be responsible as fiduciaries to the State for any misuse of these funds. LSA-R.S. 42:1461.
In light of the recent Nicholls College case, it is our opinion that the transfer of funds to the SUNO Foundation via student assessment would not violate Louisiana Constitution Article 7 Section 14(A) and therefore would be permissible. In Nicholls supra, the Supreme Court at p. 688 stated:
 "Because the central purpose of both organizations is to promote the University, it can be preserved that the transfer was in furtherance of the respective groups purposes, and not an impermissible donation of public funds."
We hope the foregoing answers your questions.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:rjh 0423e